IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KAYLOR,           )<br>                                      )<br>            Plaintiff,            )<br>                                      )<br>       vs.                        )<br>                                      )<br>COUNTY OF KERN, et al.,   )<br>                                      )<br>            Defendants.         )<br>_____) | 1:04-CV-06654-REC-LJO-P<br><br>FINDINGS AND RECOMMENDATION<br>TO DISMISS CASE FOR FAILURE TO<br>OBEY A COURT ORDER |

On May 16, 2005, the court issued an order for plaintiff to submit a new application to proceed in forma pauperis and a certified copy of his prison trust account statement, or in the alternative, to pay the $150.00 filing fee for this action, within thirty days of the date of service of the order.  The thirty day period has now expired, and plaintiff has not paid the filing fee, submitted the required documents, or otherwise responded to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the

1 inherent power to control their dockets and "in the exercise of that power, they may impose
2 sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth.,
3 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a
4 party's failure to prosecute an action, failure to obey a court order, or failure to comply with local
5 rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance
6 with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure
7 to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439,
8 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs
9 to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.
10 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,
11 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local
12 rules).

13        In determining whether to dismiss an action for lack of prosecution, failure to
14 obey a court order, or failure to comply with local rules, the court must consider several factors:
15 (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its
16 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
17 cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at
18 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;
19 Ghazali, 46 F.3d at 53.

20        In the instant case, the court finds that the public's interest in expeditiously
21 resolving this litigation and the court's interest in managing the docket weigh in favor of
22 dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal,
23 since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
24 action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public
25 policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor
26

1  of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the
2  court's order will result in dismissal satisfies the "consideration of alternatives" requirement.
3  <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The
4  court's order requiring plaintiff to pay the filing fee or submit an application to proceed in forma
5  pauperis and a certified copy of his prison trust account statement expressly stated: "Failure to
6  comply with this order will result in a recommendation that this action be dismissed."  Thus,
7  plaintiff had adequate warning that dismissal would result from his noncompliance with the
8  court's order.

9       Accordingly, the court HEREBY RECOMMENDS that this action be dismissed
10 based on plaintiff's failure to obey the court's order of May 16, 2005.

11       These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
13 **twenty (20) days** after being served with these findings and recommendations, plaintiff may file
14 written objections with the court.  Such a document should be captioned "Objections to
15 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
16 objections within the specified time may waive the right to appeal the District Court's order.
17 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

19 IT IS SO ORDERED.
20 **Dated:   June 28, 2005**             /s/ Lawrence J. O'Neill
   i0d3h8                        UNITED STATES MAGISTRATE JUDGE

1  of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the
2  court's order will result in dismissal satisfies the "consideration of alternatives" requirement.
3  <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The
4  court's order requiring plaintiff to pay the filing fee or submit an application to proceed in forma
5  pauperis and a certified copy of his prison trust account statement expressly stated: "Failure to
6  comply with this order will result in a recommendation that this action be dismissed."  Thus,
7  plaintiff had adequate warning that dismissal would result from his noncompliance with the
8  court's order.

9      Accordingly, the court HEREBY RECOMMENDS that this action be dismissed
10 based on plaintiff's failure to obey the court's order of May 16, 2005.

11     These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
13 **twenty (20) days** after being served with these findings and recommendations, plaintiff may file
14 written objections with the court.  Such a document should be captioned "Objections to
15 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
16 objections within the specified time may waive the right to appeal the District Court's order.
17 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

19 IT IS SO ORDERED.

20 **Dated:   June 28, 2005**             /s/ Lawrence J. O'Neill
   i0d3h8                                 UNITED STATES MAGISTRATE JUDGE